1  STEVEN N. WILLIAMS (175489)
   swilliams@cpmlegal.com
2  ARON K. LIANG (228936)
   aliang@cpmlegal.com
3  MATTHEW K. EDLING (250940)
   medling@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
5  Burlingame, CA 94010
   Telephone: (650) 697-6000
6  Facsimile: (650) 697-0577

7  *Attorneys for Plaintiff AL ALI*

8  STEVEN A. WEISS                          STEVEN W. BACON (058833)
   (admitted pro hac vice) weiss@sw.com     sbacon@hillfarrer.com
9  WILLIAM B. BERNDT                        PATRICK E. MICHELA (173861)
   (admitted pro hac vice) berndt@sw.com    pmichela@hillfarrer.com
10 **SCHOPF & WEISS LLP**                   **HILL, FARRER & BURRILL LLP**
   One South Wacker Drive - 28th Floor      300 South Grand Ave, 37th Floor
11 Chicago, IL 60606                        One California Plaza
   Telephone:  (312) 701-9300               Los Angeles, CA 90071-3147
12 Telefax:  (312) 701-9335                 Telephone:  (213) 620-0460
                                            Telefax:  (213) 624-4840
13
14 *Attorneys for Defendants FASTENERS FOR RETAIL, INC., CVS PHARMACY,*
   *INC., and CVS CAREMARK CORPORATION*

15                    **UNITED STATES DISTRICT COURT**

16              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

17                          **WESTERN DIVISION**

18

19 | AL ALI, an individual, | Case No. LACV07-4009 AHM (JCx) |

20              Plaintiff,

21          v.                          **AMENDED STIPULATED**
                                        **PROTECTIVE ORDER**
22 FASTENERS FOR RETAIL, INC.,
   et al.,                              **[CHANGE MADE BY COURT TO**
23                                      **PARAGRAPH 5.2(B)]**
              Defendants.
24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential or highly confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.   DEFINITIONS

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).  This would include any non-public trade secrets, as defined by California Civil Code § 3426.1, relating to Plaintiffs' electronic inventory control system.  "Confidential" Discovery Material

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                                    Exhibit A, page  3

of Defendants specifically encompasses, but is not limited to, personnel records, non-public financial statements, planned applications for the registration of intellectual property, customer surveys, trade secrets (including customer lists) as defined by California Civil Code § 3426.1, internal software development evaluations, new product development plans and potential new value-added resellers of software.  The description of categories of information that may be "Confidential" does not mean that the information is necessarily discoverable.

2.4    "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

/ / /

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

AMENDED STIPULATED PROTECTIVE ORDER
Case No. LACV07-4009 AHM (Jcx)                                    Exhibit A, page  4

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                                Exhibit A, page   5

1  material, documents, items, or communications for which protection is not

2  warranted are not swept unjustifiably within the ambit of this Order.

3      Mass, indiscriminate, or routinized designations are prohibited.

4  Designations that are shown to be clearly unjustified, or that have been made for

5  an improper purpose (e.g., to unnecessarily encumber or retard the case

6  development process, or to impose unnecessary expenses and burdens on other

7  parties), expose the Designating Party to sanctions.

8      If it comes to a Party's or a non-party's attention that information or items

9  that it designated for protection do not qualify for protection at all, or do not

10  qualify for the level of protection initially asserted, that Party or non-party must

11  promptly notify all other parties that it is withdrawing the mistaken designation.

12      5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise

13  provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as

14  otherwise stipulated or ordered, material that qualifies for protection under this

15  Order must be clearly so designated before the material is disclosed or produced.

16      Designation in conformity with this Order requires:

17      (a)  <u>for information in documentary form</u> (apart from

18  transcripts of depositions or other pretrial or trial proceedings), that the Producing

19  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY" at the top of each page that contains protected

21  material. If only a portion or portions of the material on a page qualifies for

22  protection, the Producing Party also must clearly identify the protected portion(s)

23  (e.g., by making appropriate markings in the margins) and must specify, for each

24  portion, the level of protection being asserted (either "CONFIDENTIAL" or

25  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

26      A Party or non-party that makes original documents or materials available

27  for inspection need not designate them for protection until after the inspecting

28  Party has indicated which material it would like copied and produced. During the

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                    Exhibit A, page  6

inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  During those 20 days, the parties will treat all testimony from the deposition as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Only those portions of the testimony that are appropriately

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                                        Exhibit A, page   7

designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)  for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                    Exhibit A, page  8

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and in accordance with Civil Local Rule 37.  The party challenging a Designating Party's confidentiality designation must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.  Additionally, any Party challenging a confidentiality designation must comply with Civil Local Rule 37.

      6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rules 7 and 37 that identifies the challenged material and sets forth in detail the basis for the challenge.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)          Exhibit A, page  9

terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                                    Exhibit A, page 10

testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)  House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions involving inventory control systems and/or "Smart Pusher Technology," (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A); for purposes of clarification, Plaintiff Al Ali is not a "House Counsel of a Receiving Party";

(c)  Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d)  the Court and its personnel;

(e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                                    Exhibit A, page 11

(f)  the author of the document.

7.4.    <u>Procedures for Approving Disclosure of "HIGHLY</u>
<u>CONFIDENTIAl – ATTORNEYS' EYES ONLY" Information or Items to</u>
<u>"Experts":</u>

(a)  Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must provide written notice to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), and (4) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding four years.

(b)  A Party that provides the information specified in the preceding paragraph may disclose Protected Material to the identified Expert unless, within seven court days of delivering the notice, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter in accordance with Civil Local Rule 37.   If no agreement is reached, the Party objecting to disclosure to the Expert may file a motion as provided in Civil Local Rule 7 seeking to preclude disclosure of Protected material to the Expert in accordance with Civil Local Rule 37.  While that motion is pending, no disclosure may be made to the Expert.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                                           Exhibit A, page 12

1    would entail (under the safeguards proposed) outweighs the Receiving Party's

2    need to disclose the Protected Material to its Expert.

3           7.5    If a Party intends to use information or documents that have

4    been  designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5    ONLY," that Party must provide written notice of intent to use Protected material

6    during a deposition, including a list of any documents designated as "HIGHLY

7    CONFIDENTIAL – ATTORNEYS' EYES ONLY" that may be utilized during

8    that deposition and a description of information that may be disclosed during the

9    deposition, at least 10 days prior to the deposition.  Persons other than those

10   authorized to receive the protected Material that may be disclosed during the

11   deposition (pursuant to Sections 7.3 and 7.4 above) may not attend the deposition,

12   or review portions of the transcript and exhibits designated pursuant to Section 5.2

13   above.

14   **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

15   **PRODUCED IN OTHER LITIGATION**.

16          If a Receiving Party is served with a subpoena or an order issued in other

17   litigation that would compel disclosure of any information or items designated in

18   this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

19   ATTORNEYS' EYES ONLY," the Receiving Party must so notify the

20   Designating Party, in writing (by fax, if possible) immediately and in no event

21   more than three court days after receiving the subpoena or order. Such notification

22   must include a copy of the subpoena or court order.

23          The Receiving Party also must immediately inform in writing the Party who

24   caused the subpoena or order to issue in the other litigation that some or all the

25   material covered by the subpoena or order is the subject of this Protective Order.

26   In addition, the Receiving Party must deliver a copy of this Stipulated Protective

27   Order promptly to the Party in the other action that caused the subpoena or order

28   to issue.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                                    Exhibit A, page 13

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.    FILING PROTECTED MATERIAL**.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  The filing of protected material must comply with Local Rule 79-5.

**11.    FINAL DISPOSITION**.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                                          Exhibit A, page 14

Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

/ / /

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                                        Exhibit A, page 15

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2
    DATED: January 30, 2009                    /s/  Matthew K. Edling
3
                                        MATTHEW K. EDLING
4                                       *Attorneys for Plaintiff*

5
    DATED: January 30, 2009                    /s/ William B. Berndt
6
                                        WILLIAM B. BERNDT
7                                       *Attorneys for Defendants*

8
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
9

10
    DATED:   March 3, 2009              /s/
11
                                        JACQUELINE CHOOLJIAN
12                                      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of ***Al Ali v. Fasteners For Retail Inc., et al.* (CV07-4009**

**AHM (JCx))**. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State
where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                [signature]

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**AMENDED STIPULATED PROTECTIVE ORDER**
Case No. LACV07-4009 AHM (Jcx)                                    Exhibit A, page 17